IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE MORALES,<br><br>      Plaintiff,<br><br>  v.<br><br>LAKE COUNTY BOARD,<br>LAKE COUNTY BOARD VICE-CHAIR<br>MARY ROSS CUNNINGHAM,<br>MAYOR SAM CUNNINGHAM, and<br>CITY OF WAUKEGAN,<br><br>      Defendants. | No. |

## COMPLAINT

NOW COMES the Plaintiff, MIKE MORALES, by and through his attorneys, O'CONNOR LAW FIRM, LTD., and complaining of the Defendants, LAKE COUNTY BOARD, LAKE COUNTY BOARD VICE-CHAIR MARY ROSS CUNNINGHAM, MAYOR SAM CUNNINGHAM and CITY OF WAUKEGAN, and in support of such Complaint states as follows:

### NATURE OF THE CLAIMS

1. This action arises out of the Defendants' violation of plaintiff, Mike Morales's, First Amendment Free Speech rights to speak on a public forum.

2. Plaintiff seeks injunctive relief, declaratory relief under 28 U.S.C. § 2201, and damages under 42 U.S.C. § 1983 against the Defendants to redress this constitutional violation, together with the recovery of attorney's fees and costs under 42 U.S.C. § 1988.

## NATURE OF ACTION AND JURISDICTION

3. This is a civil action under 42 U.S.C. § 1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

4. This case arises under the United States Constitution and 42 U.S.C. §§ 1983 and 1988, as amended. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343. The declaratory and injunctive relief sought is authorized by 2883 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1983 and Rule 57 of the Federal Rules of Civil Procedure.

5. Plaintiff, Mike Morales, was at all times a resident of the City of Waukegan.

6. Lake County Board Vice-Chair, Mary Ross Cunningham, was at all times a resident of the City of Waukegan.

7. Lake County Board was at all times operated and regularly conducts business and affairs in the City of Waukegan.

8. All the complained violations occurred in the City of Waukegan, Illinois.

9. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2). The actions complained of took place in this judicial district; evidence relevant to the allegations are maintained in this judicial district; and City of Waukegan is present and regularly conducts affairs in this judicial district.

## PARTIES

10. Plaintiff, Mike Morales, is an Illinois citizen and resides in Waukegan; he is disabled and receives housing for his disability through the Lake County Housing Authority, specifically in the City of Waukegan.

11. Defendant Mary Ross Cunningham is an elected County Board Member in the City of Waukegan. Mary Ross Cunningham is sued for damages in her individual capacity and for declaratory and injunctive relief in her official capacity.

12. Defendant Sam Cunningham is an elected Mayor in the City of Waukegan. Sam Cunningham is sued for damages in his individual capacity and for declaratory and injunctive relief in his official capacity.

13. Defendant Lake County Board is a corporate political body and as such is a "person" subject to suit within the meaning of 42 U.S.C. § 1983.

14. Defendant City of Waukegan is a corporate political body and as such is a "person" subject to suit within the meaning of 42 U.S.C. § 1983.

15. At all times relevant, Defendants acted under color of state law.

## FACTS

16. Plaintiff shared a post on Facebook which depicted pictures of Lake County Board Member Mary Ross Cunningham and Mayor Sam Cunningham with devil horns which was political satire.

17. Plaintiff did not create the Facebook post, but simply shared a post which had already been circulated on Facebook.

18. Posts on social media sites, such as Facebook, constitute a public forum which is a location or channel of communication for the purpose of general public expressive activity.

19. Social media users employ Facebook, and other websites, to engage in a wide array of protected First Amendment activity on topics "as diverse as human thought." *Packingham v. North Carolina*, 137 S.Ct. 1730, 1735-36 (2017).

20. Sharing Facebook posts constituted a public forum for expression of free speech and the City of Waukegan and the Lake County Board, along with its Board Members, were required to abstain from regulating speech when the specific motivating factor was the ideology or the opinion or perspective of the speaker.

21. Following the discovery of this Facebook post, City of Waukegan Mayor Sam Cunningham, called Plaintiff on his personal cell phone one evening at 11:45PM. Mayor Cunningham identified himself and expressed his anger at the shared Facebook post before Plaintiff told him not to call at such a late hour and terminated the phone call. Moments later, Mayor Cunningham called again and Plaintiff declined to answer his call.

22. Days later, Lake County Board Member Mary Ross Cunningham called Plaintiff on his cell phone, demanding Plaintiff take the shared post off Facebook.

23. Lake County Board Member Mary Ross Cunningham called from her office and indicated that she was commissioner Cunningham.

24. Lake County Board Member Mary Ross Cunningham claimed that the Facebook post was a threat to an elected official because it depicted "black people."

4

25. Lake County Board Member Mary Ross Cunningham further threatened, among other things, the loss of Plaintiff's Lake County Housing Authority voucher; threatened to go to the Lake County State's Attorney office; threatened to arrest the Plaintiff; threatened the Plaintiff with up to ten-years of jail time; and threatened to go to the Attorney General, who was described as a "frat buddy" of her son Mayor Sam Cunningham.

26. The threats made by Lake County Board Member Mary Ross Cunningham were reported to Lake County Chair Sandra Hart asking for the Lake County Board to reprimand Defendant Cunningham.

27. The Ethics Officer for Lake County responded to the report by stating that "no provisions outlining County Board Member behavior, such as Standards of Conduct or the County's Ethics Ordinance, have been violated.

28. As a direct and proximate result of these threats and the subsequent actions of law enforcement, Plaintiff has suffered severe and substantial mental and emotional distress and anguish, requiring the need for treatment.

**COUNT I**
**Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983, 1988**
**Violation of First Amendment Speech Rights**
**(Against Defendants Lake County Board and**
**Lake County Board Vice-Chair Mary Ross Cunningham)**

29. Plaintiff, Mike Morales, restates and re-alleges by reference paragraphs 1 – 28 as though fully set forth herein as paragraph 29 of Count I of this Complaint.

30. The First Amendment to the U.S. Constitution, made applicable to the states through the Fourteenth Amendment, and enforceable pursuant to 42 U.S.C. § 1983, provides that states may not abridge the freedom of speech.

31. The First Amendment to the U.S. Constitution secures the rights of individuals to express themselves without unjustified interference or constraint by the government, which may not prohibit the expression of an idea simply because a person finds that idea offensive or disagreeable.

32. Plaintiff's sharing of the Facebook post constitutes speech and expressive conduct protected by the First Amendment to the U.S. Constitution.

33. Defendant, Lake County Board Vice-Chair Mary Ross Cunningham, took action, including making threats of the loss of Plaintiff's Lake County Housing Authority voucher, going to the Lake County State's Attorney office, arresting the Plaintiff, giving him up to ten-years of prison time, and going to the Illinois Attorney General, against the Plaintiff in order to suppress and otherwise regulate his speech because of the expressive content, viewpoint and/or communicative impact of his Facebook post.

34. Defendant, Lake County Board Vice-Chair Mary Ross Cunningham's conduct has had the desired effect of chilling Plaintiff's right of free speech and expression.

35. Defendant, Lake County Board Vice-Chair Mary Ross Cunningham acted intentionally and with callous disregard for Plaintiff's clearly established constitutional rights.

36. At all times with respect to the actions described herein, Defendant, Lake County Board Vice-Chair Mary Ross Cunningham, acted under the color of state law as Defendant, Mary Ross Cunningham was an official on the Lake County Board.

37. Defendant's actions, as confirmed by Lake County Board Vice-Chair Mary Ross Cunningham, were ratified as the official position of the Lake County Board and

therefore, those actions are deemed to be the actions of the Lake County Board and itself for purposes of liability under 42 U.S.C. § 1983.

38. Defendant, Lake County Board Vice-Chair Mary Ross Cunningham's, actions were not narrowly tailored to achieve a compelling state interest.

39. Defendant, Lake County Board Vice-Chair Mary Ross Cunningham, violated Plaintiff's rights, privileges and immunities under the First Amendment of the U.S. Constitution, made applicable to the Defendants by the Fourteenth Amendment.

40. As a direct and proximate result of the Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered severe and substantial damages. These damages include litigation expenses including attorney fees, humiliation, embarrassment, inconvenience, mental and emotional distress and anguish and other compensatory damages, in an amount to be determined by a jury and the Court.

**COUNT II**
**Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983, 1988**
**Violation of First Amendment Speech Rights**
**(Against Defendants City of Waukegan and Mayor Sam Cunningham)**

41. Plaintiff, Mike Morales, restates and re-alleges by reference paragraphs 1 – 28 as though fully set forth herein as paragraph 41 of Count II of this Complaint.

42. The First Amendment to the U.S. Constitution, made applicable to the states through the Fourteenth Amendment, and enforceable pursuant to 42 U.S.C. § 1983, provides that states may not abridge the freedom of speech.

43. The First Amendment to the U.S. Constitution secures the rights of individuals to express themselves without unjustified interference or constraint by the government, which may not prohibit the expression of an idea simply because a person finds that idea offensive or disagreeable.

7

44. Plaintiff's sharing of the Facebook post constitutes speech and expressive conduct protected by the First Amendment to the U.S. Constitution.

45. Defendant, Mayor Sam Cunningham took action, including calling the Plaintiff's cell phone multiple times at an unreasonable hour of the night and making comments in order to suppress and otherwise regulate his speech because of the expressive content, viewpoint and/or communicative impact of his Facebook post.

46. Defendant, Mayor Sam Cunningham's, conduct has had the desired effect of chilling Plaintiff's right of free speech and expression.

47. Defendant, Mayor Sam Cunningham acted intentionally and with callous disregard for Plaintiff's clearly established constitutional rights.

48. At all times with respect to the actions described herein, Defendant, Mayor Sam Cunningham, acted under the color of state law as Defendant, Mayor Sam Cunningham was an official of the City of Waukegan.

49. Defendant's actions, as the top official of the City of Waukegan, were ratified as the official position of the City of Waukegan and therefore, those actions are deemed to be the actions of the, Defendant, City of Waukegan itself for purposes of liability under 42 U.S.C. § 1983.

50. Defendant, Mayor Sam Cunningham's, actions were not narrowly tailored to achieve a compelling state interest.

51. Defendant, Mayor Sam Cunningham, violated Plaintiff's rights, privileges and immunities under the First Amendment of the U.S. Constitution, made applicable to the Defendants by the Fourteenth Amendment.

52. As a direct and proximate result of the Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered severe and substantial damages. These damages include litigation expenses including attorney fees, humiliation, embarrassment, inconvenience, mental and emotional distress and anguish and other compensatory damages, in an amount to be determined by a jury and the Court.

### COUNT III
### Constitutional and Civil Rights Pursuant to 42 U.S.C. § 1983
### Conspiracy to Deprive Constitutional Rights
### (Against all Defendants)

53. The Plaintiff, Mike Morales, restates and re-alleges by reference paragraphs 1 – 52 as though fully set forth herein as paragraph 53 of Count III of this Complaint.

54. Each of the Defendants above conspired, directly or indirectly, for the purpose of depriving the Plaintiff the free exercise or enjoyment of his Free Speech Rights, secured to him by the First Amendment of the U.S. Constitution.

55. In doing so, the Defendants' took actions in furtherance of this conspiracy.

56. The misconduct of Defendants' was undertaken with willfulness and reckless indifference to the rights of the Plaintiff.

57. The misconduct of Defendants' was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

58. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

59. The misconduct of Defendants' was undertaken pursuant to the policy and practice of the Lake County Board and the City of Waukegan.

60. As a direct and proximate result of the Defendant's violations of Plaintiff's constitutional rights, Plaintiff has suffered severe and substantial damages. These

damages include litigation expenses including attorney fees, humiliation, embarrassment, inconvenience, mental and emotional distress and anguish and other compensatory damages, in an amount to be determined by a jury and the Court.

**COUNT IV**
**State Law Claims**
**Intentional Infliction of Emotional Distress**
**(Against Lake County Board and**
**Lake County Board Vice-Chair Mary Ross Cunningham)**

61. Plaintiff, Mike Morales, restates and re-alleges by reference paragraphs 1– 28 as though fully set forth herein as paragraph 61 of Count IV of this Complaint.

62. The acts and conduct of the Defendant, Lake County Board Vice-Chair Mary Ross Cunningham, in threatening the Plaintiff with the loss of Plaintiff's Lake County Housing Authority voucher, going to the Lake County State's Attorney office, arresting the Plaintiff, giving him up to ten-years of jail time, and going to the Illinois Attorney General, were extreme and outrageous.

63. Defendant, Lake County Board Vice-Chair Mary Ross Cunningham, intended to cause or was in reckless disregard of the probability that her conduct would cause severe emotional distress to the Plaintiff.

64. Defendant's actions, as confirmed by Lake County Board Vice-Chair Mary Ross Cunningham, were ratified as the official position of the Lake County Board and therefore, those actions are deemed to be the actions of the Lake County Board and itself for purposes of liability.

65. Such actions and conduct did directly and proximately cause severe emotional distress to the Plaintiff and thereby constituted intentional infliction of emotional distress.

66. The misconduct described above was undertaken with malice, willfulness, and reckless indifference to the rights of others.

67. As a proximate result of the Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

**COUNT V**
**State Law Claims**
**Intentional Infliction of Emotional Distress**
**(Against Defendants City of Waukegan and Mayor Sam Cunningham)**

68. Plaintiff, Mike Morales, restates and re-alleges by reference paragraphs 1 – 28 as though fully set forth herein as paragraph 68 of Count V of this Complaint.

69. The acts and conduct of the Defendant, Mayor Sam Cunningham, including calling the Plaintiff's cell phone multiple times at an unreasonable hour of the night and making comments in order to suppress and otherwise regulate his speech because of the expressive content, viewpoint and/or communicative impact of his Facebook post, were unreasonable and unnecessary.

70. Defendant, Mayor Sam Cunningham, intended to cause or was in reckless disregard of the probability that their conduct would cause severe and emotional distress to the Plaintiff.

71. Defendant's actions, as the top official of the City of Waukegan, were ratified as the official position of the City of Waukegan and therefore, those actions are deemed to be the actions of the, Defendant, City of Waukegan itself for purposes of liability.

72. Such actions and conduct did directly and proximately cause severe emotional distress to the Plaintiff and thereby constituted intentional infliction of emotional distress.

73. The misconduct described above was undertaken with malice, willfulness, and reckless indifference to the rights of others.

74. As a proximate result of the Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mike Morales, requests judgment against Defendants as follows:

    A.    For appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of Defendants.

    B.    For appropriate compensatory damages in an amount to be determined at trial;

    C.    For appropriate equitable relief against all Defendants as allowed by the Civil Rights Act of 1871, 42 U.S.C. § 1983, including the enjoining and permanent restraining of these violations, and direction to Defendants to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful practices are eliminated and do not continue to affect Plaintiff, or others.

## JURY DEMAND

PLAINTIFF demands trial by jury.

Respectfully Submitted,

/s/Kevin W. O'Connor

Dated: 04/22/2019

Kevin W. O'Connor
O'CONNOR LAW FIRM, LTD.
19 South LaSalle Street, Suite 1400
Chicago, Illinois 60603
Phone: (312) 906-7609
Fax: (312) 263-1913
ARDC# 6216627
koconnorlaw@koconnorlaw.com
firm@koconnorlaw.com